IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

| | | |
|---|---|---|
| **TERRY MARK TONEY, JR.,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:09-0986 |
| | ) | |
| **MIKE COLEMAN,** | ) | |
| **Director of Security,** | ) | |
| | ) | |
|     **Defendant.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following Motions: (1) Plaintiff's Motion to Proceed Without Prepayment of Fees (Document No. 1.), filed on September 3, 2009; and (2) Plaintiff's letter-form Motion to Voluntarily Dismiss Complaint (Document No. 7.), filed on June 16, 2010. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 5.)

### FACTUAL AND PROCEDURAL HISTORY

On September 3, 2009, Plaintiff, proceeding *pro se* and formerly in confinement at the Western Regional Jail,[1] filed his Complaint claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[2] (Document No. 1.) Plaintiff names Mike Coleman, Director of Security, as the Defendant. (Id., p. 4.) Plaintiff alleges that the Defendant improperly denied him the right to attend his

---

[1] The West Virginia Division of Corrections' Inmate Locator indicates that Plaintiff is currently incarcerated at St. Mary's Correctional Center, located in St. Marys, West Virginia.

[2] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

grandmother's funeral. Specifically, Plaintiff alleges as follows:

> My grandmother was diagnosed with cancer and I was housed too far away from her to receive visits. When she passed away, I turned in a Humanitarian Transport Form through the Western Regional Jail to be transported to her funeral. The form was then faxed to the Director of Security – WV DOC and was denied because I am a parole violator. My grandmother played a major role in my life, and I live every day thinking that I have been denied the right to pay my respects on her passing. This has caused me much grief and I can never have that moment in my life back.

(Id., pp. 4 - 5.) As relief, Plaintiff requests the following: (1) "That Mr. Mike Coleman receive disciplinary action for his arbitrary and inhumane denial;" (2) "That I be transported to my grandmother's grave sight to pay my respect;" and (3) "That a monetary compensation be awarded for mental anguish that I have suffered." (Id., p. 5.)

On June 16, 2010, Plaintiff filed a letter-form Motion to Voluntarily Withdraw Complaint. (Document No. 7.) Specifically, Plaintiff states as follows (Id.):

> My name is Terry Mark Toney and I am writing this letter to notify that I would like to withdraw a civil action case that was filed that consists of myself versus Mr. Mike Coleman, Director of Security of the WV DOC. The case number is 3:09-cv-0986. I apologize for any inconvenience and thank you for your time and trouble. Please send me a document stating that this has been taken care of.

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule

41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Defendant has neither filed an Answer to Plaintiff's Complaint nor otherwise pled. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion to Proceed Without Prepayment of Fees(Document No. 1.), **GRANT** Plaintiff's Motion to

Voluntarily Withdraw Complaint (Document No. 7.), and **DISMISS** Plaintiff's Complaint (Document No. 2.) without prejudice and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Chambers and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: September 17, 2010.

R. Clarke VanDervort
United States Magistrate Judge